UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORRAINE BEELER, *et al.* | )<br>)<br>) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:15-cv-01481-SEB-MJD |
| | ) |
| CAROLYN W. COLVIN, *et al.* | )<br>)<br>) |
| Defendants. | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

This cause is before the Court on Defendants' Objection [Docket No. 66] to the Magistrate Judge's Report and Recommendation ("R&R") [Docket No. 63], which recommends that we <u>DENY</u> Defendants' Motion to Dismiss, or, In the Alternative, for Summary Judgment [Docket No. 39]. For the reasons detailed below, we hereby <u>ADOPT</u> the R&R and <u>DENY</u> Defendants' motion to dismiss, or, in the alternative, for summary judgment.

**Background**

Plaintiffs are citizens or residents of Canada who are eligible to receive retirement benefits under both the Social Security Act ("SSA") and the Canadian Pension Plan ("CPP") or the Quebec Pension Plan ("QPP"). All six named Plaintiffs in the proposed class applied for, and are receiving, SSA benefits, in addition to also receiving retirement benefits from a Canadian social insurance program. Based on Plaintiffs' receipt of either

1

CPP or QPP benefits, Defendants applied the SSA's Windfall Elimination Provision ("WEP") to reduce Plaintiffs' SSA benefits. Certain Plaintiffs took some steps to challenge the application of the WEP to their receipt of benefits, but it is undisputed that none of the plaintiffs completed the administrative appeals process prior to filing this lawsuit.[1] In Plaintiffs' Complaint, they assert that the reduction of benefits violates the Windfall Elimination statute and the regulations implementing it. Plaintiffs further assert that Defendants' application of the WEP to Canadian-American beneficiaries violates what is referred to as the totalization agreement between the two countries.

On April 15, 2016, Defendants sought dismissal of Plaintiffs' claims, arguing that Plaintiffs failed to exhaust their administrative remedies, as required by 42 U.S.C. § 405(g). In requesting dismissal, Defendants presented evidence outside the pleadings, rendering their motion subject to review under the standards of Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d). On August 19, 2016, we enlisted Magistrate Judge Mark J. Dinsmore to issue a report and recommendation on the motion, pursuant to 28 U.S.C. § 636(b)(1)(B). [Docket No. 61]. On August 31, 2016, Magistrate Judge Dinsmore recommended that the motion be denied based on his conclusion that the Plaintiffs' waivable exhaustion requirements be judicially waived in this case. [Docket No. 63]. On September 14, 2016, Defendants filed their Objection to the R&R.[2]

---

[1] For a complete detailing of facts related to each of the six Plaintiff's receipt, reduction, and dispute of benefits, see the magistrate judge's R&R at pages 3 through 5, which description has been undisputed by the parties.

[2] Defendants have also objected to the magistrate judge's order granting Plaintiffs leave to file a Third Amendment Complaint [Docket No. 64], which was issued on the same day as the R&R and was based

2

## Legal Standard

Rule 72(b) of the Federal Rules of Civil Procedure requires a party who disagrees with a magistrate judge's report and recommendation on a dispositive motion to file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The district court then determines, *de novo*, "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Remy Inc. v. Tecnomatic, S.P.A.*, 2013 WL 1311095, at *1 (S.D. Ind. Mar. 26, 2013).

Accordingly, our review of the challenged portions of the magistrate judge's R&R on Defendants' motion for summary judgment is conducted pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that summary judgment be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether genuine disputes of material fact exist, the court construes all facts in a light most favorable to the nonmoving party and draws all inferences in favor of the nonmoving party. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). After drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact finder could find for the party opposing the motion,

---

on essentially identical grounds, to wit, that Plaintiffs' failure to exhaust their administrative remedies should be waived. For the reasons detailed in this Order, we <u>OVERRULE</u> Defendants' objection.

summary judgment is inappropriate. *See Shields Enter., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). But, if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish her case, summary judgment is not only appropriate, but mandated. *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

## Discussion

42 U.S.C. § 405(g) requires that a Social Security claimant exhaust his or her administrative remedies before seeking judicial review of a claim. The Supreme Court, in *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976), interpreted the statute to contain two specific exhaustion requirements: First, that the claimant file a claim for benefits; and second, that the Secretary make a final decision on that claim. It is undisputed that Plaintiffs have satisfied the first, non-waivable exhaustion requirement. It is further undisputed that none of the named Plaintiffs has proceeded through the administrative appeals process to a final decision by the Secretary on his or her individual claim.

The question before us, therefore, is whether, as the magistrate judge determined, the second, waivable exhaustion requirement should be judicially waived in this case. His recommendation that the court waive Plaintiffs' exhaustion requirements rests on three conclusions: (1) that exhaustion of the administrative remedies available to Plaintiffs would be futile; (2) that Plaintiffs' claims in this litigation are collateral to their demands for benefits; and (3) that Plaintiffs would suffer irreparable harm if they were required to move through the administrative procedures prior to seeking judicial review. See Dkt. 63 at 6 (citing *Mathews*, 424 U.S. at 330). Defendants have objected to these conclusions,

arguing that each of them is erroneous. We address each argument in turn below and find, *de novo*, that the exhaustion requirements should be judicially waived.

## I.    Futility of Exhaustion

The Seventh Circuit has held that administrative exhaustion requirements may be waived "where the pursuit of administrative remedies would be futile because the Secretary's position on the statutory issues is 'final.'" *Johnson v. Heckler*, 769 F.2d 1202, 1207 (7th Cir. 1985), *cert. granted, judgment vacated sub nom. by Bowen v. Johnson*, 482 U.S. 922 (1987). The finality of a particular position held by the Secretary may, in some instances, be evidenced by the fact that it has become a publicly published SSA policy.

For example, in *Johnson v. Heckler*, the Seventh Circuit found that the Secretary of Health and Human Service's policies, which were published in the Federal Regulations and Social Security Rulings, were 'final' decisions "unlikely to be influenced or changed by the administrative appeals of any single individual." *Id.* at 1208. The court thus upheld the district court's decision to waive the plaintiffs' exhaustion requirements, finding that to require exhaustion would be futile. *Id.*

Here, Plaintiffs contend that their administrative appeals would be similarly futile due to the Secretary's announced position that the Windfall Elimination Provision applies to Canadian-American beneficiaries who also receive CPP or QPP benefits. That position has been published in the SSA's Program Operations Manual System ("POMS"), which provides:

> Payments made under the Canada Pension Plan (CPP) and Quebec Pension Plan (QPP) are earnings-based and are subject to WEP offset.

Dkt. 33 at ¶ 22.

The magistrate judge agreed with Plaintiffs in his R&R, writing that, "[a]s in *Johnson v. Heckler*, it is unlikely the SSA would alter its published policy based upon the administrative appeal of any single individual." *Id.* at 8. Thus, an administrative appeal of each of the Plaintiff's claims would be futile.

In objecting to this decision, Defendants stress that the test for determining futility is not whether an administrative appeal would likely not succeed, but rather whether such an appeal is "certain" to fail. *See Shawnee Trail Conservancy v. U.S. Dep't of Agric.*, 222 F.3d 383, 389 (7th Cir. 2000) ("In order to come under the futility exception, the plaintiffs must show that it is certain that their claim will be denied on appeal, not merely that they doubt an appeal will result in a different decision.") (quoting *Smith v. Blue Cross & Blue Shield United of Wisc.*¸ 959 F.2d 655, 659 (7th Cir. 1992)).

The *Shawnee Trail* and *Smith* cases do not affect the analysis here, given that those cases are factually distinguishable from the matter before us and that the Seventh Circuit upheld the district court's decisions to require exhaustion based simply on there not being an abuse of discretion. Dkt. 63 at 7.

We reach the same conclusion as did the magistrate judge and the Court of Appeals. In interposing their objections to the R&R, Defendants failed to explain how the

analysis, and, more importantly, the outcome of this case would be altered by adopting their proposed language. As Plaintiffs have noted, Defendants make no argument that the POMS provision at issue is somehow ambiguous or flexible such that it may be interpreted and applied differently depending on the facts of a particular claimant's case. Nor have they offered evidence to rebut Plaintiff's argument that the WEP is consistently misapplied across-the-board to Canadian-American beneficiaries of CPP and QPP benefits. We find particularly persuasive the fact that, in affirming the denial of Plaintiff Beeler's claims, the SSA stated that its internal POMS policy applying the WEP offset to dual-citizens' non-covered benefits was superior to the district court's ruling in *Rabanal v. Colvin*, 987 F. Supp. 2d 1106, 1112 (D. Colo. 2013), which held that the POMS provision was an arbitrary and capricious interpretation of the Social Security Act. *See Johnson v. Heckler*, 769 F.2d at 1207 (noting that the validity of the policies at issue had been challenged in prior litigation, giving the Secretary an opportunity to reconsider them, but no changes had been made.) We are left firmly of the view that Plaintiffs' claims would be denied in their administrative appeals given the published POMS policy. Accordingly, we hold that the futility exception to exhaustion has been satisfied and overrule Defendants' objection on this ground.

## II.     Collateral Nature of Claims

The magistrate judge also ruled that Plaintiffs' challenge to the POMS provision is collateral to their individual claims for SSA benefits. Defendants object to this conclusion as well, maintaining that Plaintiffs' claims here are inextricably intertwined with their

individual claims for benefits. Defendants' objection captures the parties' conflicting interpretations of *Johnson v. Sullivan*, 922 F.2d 346 (7th Cir. 1991).

In *Johnson*, a class of plaintiffs challenged the Secretary's published policy providing that the combined effect of non-severe impairments would not to be considered under Step Two of the SSA evaluation process. On appeal, the Secretary challenged the plaintiffs' class certification, arguing that the size of the plaintiff class was overstated given that some of the claimants had failed to exhaust their administrative appeals prior to joining the class, thereby failing to independently satisfy the jurisdictional requirements of suit under 42 U.S.C. § 405(g).

In determining whether those claimants' exhaustion requirements should be waived, the Seventh Circuit stated:

> [W]e must determine whether plaintiffs' claims are collateral attacks and not merely a challenge on the merits. Our decision invalidating the Secretary's no-combination policy will mean that some claimants will now receive the benefits they were once denied. For other claimants, the invalidation of the policy will make no difference. They will not be entitled to benefits under any standard. Thus, the plaintiffs' attack is essentially to the policy itself, not to its application to them, nor to the ultimate substantive determination of their benefits. Their challenge to the policy rises and falls on its own, separate from the merits of their claims for benefits.

*Johnson v. Sullivan*, 922 F.2d 346, 353 (7th Cir. 1991).

Defendants argue that the Seventh Circuit's conclusion in *Johnson* reflected the fact that certain claimants might still be denied benefits regardless of the SSA's

8

consideration of the combined effect of their non-severe limitations. In contrast, in this case, "a ruling on Plaintiffs' claims would directly result in an increase in their Social Security benefits." Dkt. 66 at 10–11.

We share the magistrate judge's rejection of this argument, finding instead that the amount of Social Security retirement benefits to which each plaintiff is entitled would not be impacted by the outcome of Plaintiffs' claims in this litigation because that amount has already been determined by the SSA with regard to each plaintiff based on his or her individual contributions. Again, consistent with the magistrate judge's analysis, this case presents a facial challenge to the Secretary's system-wide policy of reducing Canadian-American beneficiaries' entitlement to their individually pre-determined amount of SSA benefits through an allegedly unlawful application of the WEP offset. *See Marcus v. Sullivan*, 926 F.2d 604, 614 (7th Cir. 1991)("Claims of system-wide violations by the Secretary are collateral to claims for individual benefits.")(citing *Johnson,* 922 F.2d at 353).

We find nothing to fault in the magistrate judge's analysis. Because the merits of each individual Plaintiff's claim for benefits have already been determined by the SSA, and because the outcome of this case will not impact that pre-determined amount, Plaintiffs' facial challenge to the POMS policy applying the WEP to Canadian-American beneficiaries of CPP or QPP benefits is collateral to their individual demands for SSA benefits. Accordingly, we overrule Defendants' objection to this portion of the R&R as well.

## III.    Irreparable Harm

Finally, in finding in favor of judicial waiver, the magistrate judge determined that Plaintiffs would suffer irreparable harm if they were forced to exhaust their administrative remedies prior to seeking judicial review. We concur.

The Seventh Circuit has held that irreparable harm exits where, "deferment of judicial review until exhaustion of administrative remedies would cause [plaintiffs] injury that cannot be remedied by later payment of benefits requested." *Martin v. Shalala*, 63 F.3d 497, 505 (7th Cir. 1995). For example, in *Marcus v. Sullivan*, a class of plaintiffs who had been denied Social Security benefits under an unlawful evaluation methodology challenged the Secretary's practice in court, although certain claimants had not fully exhausted their administrative appeals. 926 F.2d at 604. In determining that those plaintiffs would be irreparably harmed if required to return to their administrative remedies before seeking review, the Seventh Circuit stated:

> A delayed receipt of disability benefits, however, cannot suffice to make the claimant whole… Any delay potentially subjects claimants to deteriorating health, and even death. Claimants need to receive funds promptly because they use their benefits to purchase the very necessities of life.

*Marcus*, 926 F.2d at 614.

Defendants contend that, unlike the *Marcus* plaintiffs who stood to completely lose their Social Security benefits, Plaintiffs here continue to receive benefits albeit at a

reduced level. Since they have not completely lost their ability to "purchase the very necessities of life," they have not been irreparably harmed. Dkt. 66 at 13.

Acknowledging this distinction, we nonetheless conclude that because Plaintiffs are retired individuals living on fixed incomes, any allegedly unlawful reduction of benefits would irreparably impact their ability to make ends meet. Dkt. 66 at 12. This mirrors the magistrate judge's analysis; he noted further that, "application of the exhaustion doctrine is 'intensely practical,'" *see id.* at 11 (citing *Bowen v. City of New York,* 476 U.S. 467, 484 (1986)), and that where the purposes of exhaustion are not served by requiring class members to exhaust their remedies, waiver is favored. *Id.* (citing *Marcus*, 926 F.2d at 614).

When viewed in a light most favorable to Plaintiffs, it is clear that the continued allegedly unlawful reduction of Plaintiffs' benefits threatens them with irreparable harm. For example, as Plaintiff Beeler testified by affidavit, the reduction of her SSA benefits has already resulted in her reduced ability to pay for essential medical tests and treatment—a harm which cannot be remedied through the subsequent payment of SSA benefits. See Dkt. 44-1. Keeping in mind the "intensely practical" application of the exhaustion doctrine, we overrule Defendants' objection and <u>ADOPT</u> this final portion of the magistrate judge's R&R.

## Conclusion

Having thoroughly reviewed the Report and Recommendation [Docket No. 63] and Defendants' Objections thereto [Docket No. 66], we <u>OVERRULE</u> those objections and <u>ADOPT</u> his recommendation in full. Defendants' Motion to Dismiss or, In the Alternative, For Summary Judgment [Docket No. 39] is also <u>DENIED</u>.

IT IS SO ORDERED.

12/7/2016                                  _Sarah Evans Barker_

                                           SARAH EVANS BARKER, JUDGE
                                           United States District Court
                                           Southern District of Indiana

Distribution:

Jonathan Mark Bruce
bruce@jonathanbrucelaw.com

Aaron M. Bernay
FROST BROWN TODD LLC
abernay@fbtlaw.com

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Joseph J. Dehner
FROST BROWN TODD LLC
jdehner@fbtlaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov