UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LORRAINE  BEELER,                                  )
LARRY  MACDONALD,                                  )
DARLENE  MACDONALD,                                )
GORDON  KEMP,                                      )
JUDY  KEMP,                                        )        No. 1:15-cv-01481-SEB-MJD
DOUGLAS  STOKES,                                   )
                                                   )
                         Plaintiffs,               )
                                                   )
            vs.                                    )
                                                   )
NANCY A. BERRYHILL,                                )
SOCIAL SECURITY ADMINISTRATION,                    )
                                                   )
                         Defendants.               )

**REPORT AND RECOMMENDATION**

This matter is before the Court on *Plaintiffs' Motion for Class Certification*. [Dkt. 88.]

On June 6, 2017, District Judge Sarah Evans Barker designated the undersigned Magistrate

Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [Dkt. 109.]

For the reasons set forth below, the Magistrate Judge recommends Plaintiffs' Motion be

**GRANTED**.

### I.   Background

Plaintiffs are citizens or residents of Canada who are eligible to receive retirement

benefits under both the Social Security Act ("SSA") and the Canadian Pension Plan ("CPP") or

the Quebec Pension Plan ("QPP"). Based upon Plaintiffs' receipt of either CPP or QPP benefits,

Defendants applied the SSA's Windfall Elimination Provision ("WEP") to reduce Plaintiffs'

SSA benefits. In this action, Plaintiffs assert the reduction of benefits violates the WEP statute

1

and the regulations implementing the WEP. Plaintiffs further assert that Defendants' application

of the WEP to Canadian-American beneficiaries violates the totalization agreement between the

two countries.

Plaintiffs now seek class certification pursuant to Federal Rules of Civil Procedure 23(a)

and 23(b)(2) and (b)(3). Plaintiffs define the putative class as follows:  All persons whose SSA

retirement benefits have been reduced by application of the WEP based solely upon their receipt,

or their spouse's receipt, of CPP or QPP benefits. [Dkt. 65 at 3.]

**II.      Discussion**

A party seeking class certification bears the burden of showing that the conditions of

Rule 23 are satisfied. *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 513 (7th Cir. 2006). First, the

putative plaintiff must satisfy the four prerequisites of Rule 23(a): the class is so numerous that

joinder of all of the class members is impracticable (numerosity); there are questions of law or

fact common to the proposed class (commonality); the class representative's claims are typical of

the claims of the class (typicality); and the representative will fairly and adequately represent the

interests of the class (adequacy of representation). *Messner v. Northshore Univ. HealthSystem,*

669 F.3d 802, 811 (7th Cir. 2012); Fed. R. Civ. P. 23(a)(1)-(4).

Second, the moving party must demonstrate that the proposed class falls within one of the

three categories in Rule 23(b), which are: "(1) a mandatory class action (either because of the

risk of incompatible standards for the party opposing the class or because of the risk that the

class adjudication would, as a practical matter, either dispose of the claims of nonparties or

substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or

(3) a case in which the common questions predominate and class treatment is superior." *Spano v.*

*Boeing Co.,* 633 F.3d 574, 583 (7th Cir.2011); Fed. R. Civ. P. 23(b)(1)-(3).

Plaintiffs assert they satisfy the requirements for certification under Rule 23(a), and 23(b)(2) and (b)(3). Defendants challenge Plaintiffs' Motion on multiple grounds, each of which will be addressed in turn below.

**1.   Rule 23(a)**

Of the four requirements of Rule 23(a), Defendants challenge only commonality and typicality. Plaintiffs argue that commonality is satisfied because there is a single common question in this case: whether the SSA's application of the WEP to persons receiving both Social Security retirement benefits and CPP or QPP benefits is lawful. Plaintiffs further assert that their claims are typical of the class because each of the proposed class members were subject to the same allegedly unlawful deduction from U.S. Social Security retirement benefits.

Defendants argue that Plaintiffs' proposed class lacks commonality because judicial review of Social Security benefit calculations requires individualized inquiries. Such individual determinations "would contravene the purpose of class litigation." [Dkt. 113 at 7.] The Court disagrees. The SSA has already determined the amount of benefits to which each member of the proposed class is entitled. The issue in this case – common to each class member – is whether the SSA may lawfully apply the WEP to this pre-determined amount. The resolution of this issue requires no individualized inquiry.

Similarly, Defendants argue Plaintiffs cannot satisfy the typicality requirement because the named Plaintiffs are at different stages of the administrative process, and some do not even have live claims. However, this issue was resolved by the Court when it found the futility exception to exhaustion was satisfied in its *Order Adopting the Report and Recommendation of Defendants' Motion to Dismiss*. [Dkt. 82 at 7.] In that Order, the Court noted that "[w]e are left firmly of the view that Plaintiffs' claims would be denied in their administrative appeals given

3

the published POMS policy." *Id*. Therefore, the stage of the administrative process for each

plaintiff is irrelevant. As there is a common question of law among the proposed plaintiffs and

the claims of the named Plaintiffs are typical of the proposed class, the Court finds Plaintiffs

have satisfied the Rule 23(a) requirements.

### 2. Rule 23(b)(2) and (b)(3)

Defendants also contend the proposed class does not satisfy the requirements of Rule

23(b)(2) or (b)(3). First, Defendants argue Plaintiffs cannot satisfy Rule 23(b)(2) because the

relief sought by Plaintiffs is not predominantly injunctive.[1] Rule 23(b)(2) permits the court to

certify a case for class-action treatment if "the party opposing the class has acted or refused to

act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Certification under Rule 23(b)(2) is inappropriate, Defendants argue, because "a significant

portion of the remedy that Plaintiffs are seeking is non-incidental damages in the form of

payment of back benefits," as opposed to being predominantly injunctive or declaratory. [Dkt.

113 at 8.]

It is true that Rule 23(b)(2) certification is not appropriate where "final relief relates

exclusively or predominantly to money damages." *Puffer v. Allstate Ins. Co*., 255 F.R.D. 450,

470 (N.D. Ill. 2009). However, the relief Plaintiffs seek is not predominantly related to money

damages. Plaintiffs seek both injunctive relief and damages, similar to that sought in *Allen v.*

*International Truck & Engine Corp.,* 358 F.3d 469 (7th Cir. 2004). There, a group of employees

sued their employer for racial discrimination and sought two remedies to cure two distinct

---

[1] Defendants also briefly argue the proposed class is not cohesive because a finding of liability would require individual analysis for each class member. As discussed above, this assertion is incorrect. Whether the WEP should be applied to the class members' benefits does not require an individualized inquiry.

injuries: past and future discrimination. The plaintiffs in *Allen* sought monetary damages to

compensate the employees for the discrimination they had already suffered; and sought an

injunction to require the employer to cease its discriminatory conduct, providing a final

prospective remedy for ongoing and future discrimination. The Seventh Circuit held that

certification of a Rule 23(b)(2) class for injunctive relief was appropriate in *Allen* even though

the related damage claims required subsequent individual adjudication. 358 F.3d at 471.

Similarly, in *Johnson v. Meriter Health Servs. Employee Retirement Plan*, the Seventh Circuit

affirmed class certification under Rule 23(b)(2) where the relief sought included monetary

damages to correct a past error in ERISA benefits, as well as an injunction to resolve the issue

going forward. 702 F.3d 364, 372 (7th Cir. 2012).

Here, Plaintiffs also seek two forms of relief: an injunction to prohibit the application of

the WEP to their retirement benefits, and monetary damages to correct past unlawful reductions

in benefits. Contrary to Defendants' assertions, Plaintiffs are not predominantly seeking

monetary damages in this action. Rather, the damages requested by Plaintiffs are incidental to the

injunctive relief sought. Therefore, Plaintiffs satisfy the requirements of Rule 23(b)(2).

Defendants further challenge Plaintiffs' motion to certify the class under Rule 23(b)(3),

which permits class certification only if the questions of law or fact common to class members

"predominate" over questions that are individual to members of the class. Defendants assert

again, in skeleton argument fashion, that the predominance requirement is not met here because

"the resolution of individualized claims would require individualized inquiries." [Dkt. 113 at 10.]

Again, this assertion is incorrect. Common questions predominate when a "common nucleus of

operative facts and issues underlies the claims brought by the proposed class. . . . If, to make a

prima facie showing on a given question, the members of a proposed class will need to present

evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (internal citations omitted). The determination as to whether or not the WEP should be applied to the pre-determined amount of Plaintiffs' retirement benefits requires no individualized inquiry. The evidence relating to that common question will not vary from class member to class member. As a common question predominates this action, Plaintiffs have met the requirements for class certification under Rule 23(b)(3).

### 3.  Social Security Act

Defendants also argue that Plaintiffs' proposed class is incompatible with three requirements of the Social Security Act: (1) that district courts only review final agency decisions; (2) that plaintiffs present live, as opposed to lapsed, claims; and (3) that plaintiffs sue in their own judicial districts. [Dkt. 113 at 3.] Defendants' first two arguments have already been addressed above: the Court has found Plaintiffs satisfied the futility exception to exhaustion of administrative remedies. [Dkt. 82 at 7.] Therefore, each plaintiff's status in the administrative review process is irrelevant here.

Defendants' argument that the Court should require Plaintiffs to sue in their own districts is contrary to the purpose of a class action. Moreover, in actions where the defendant is an agency of the United States, and no real property is at issue, venue is proper in any judicial district where the plaintiff resides. 28 U.S.C. §1391(e)(1). There is no dispute that venue is proper in this district for named Plaintiff Lorraine Beeler. As venue for a class action is proper in the district of a representative plaintiff, the Court finds venue to be proper here. Consequently,

none of Defendants arguments relating to the Social Security Act are sufficient to defeat

Plaintiffs' motion to certify.

## III.    Conclusion

Based on the foregoing, the Magistrate Judge recommends that *Plaintiffs' Motion for*

*Class Certification* [Dkt. 88] be **GRANTED** and that the following class be certified in this

matter:

> All persons whose SSA retirement benefits have been reduced by application of
> the WEP based solely upon their receipt of CPP or QPP benefits. In addition, the
> class comprises beneficiaries of SSA retirement benefits reduced as a result of the
> reduction of a spouse's benefit under the WEP based solely on the spouse's
> receipt of CPP or QPP benefits.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with

the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to

timely file objections within fourteen days after service shall constitute a waiver of subsequent

review absent a showing of good cause for such failure.

Dated:  6 JUL 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Aaron M. Bernay
FROST BROWN TODD LLC
abernay@fbtlaw.com

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Joseph J. Dehner
FROST BROWN TODD LLC
jdehner@fbtlaw.com

Jonathan Mark Bruce
LAW OFFICE OF JONATHAN BRUCE, LLC
bruce@jonathanbrucelaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov